**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NER CONSTRUCTION MANAGEMENT CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. |
| | ) |
| MASSACHUSETTS LABORERS' BENEFIT FUNDS, | ) ) ) |
| Defendant. | ) ) |

## **COMPLAINT**

Plaintiff NER Construction Management Corporation ("NER") files this Complaint against Defendant Massachusetts Laborers' Benefit Funds ("MLBF") for breach of contract, breach of the covenant of good faith and fair dealing and for an accounting concerning miscalculated amounts MLBF asserts it is owed by NER pursuant to a Settlement Agreement and Promissory Note between them. NER also seeks a declaratory judgment requiring the application of restitution payments pursuant to the Government calculation adopted and ordered by the Court (Casper, J.) in the related matter *United States v. LoConte*, D. Mass. No. 1:22-cr-10274-01-DJC.

## **PARTIES**

1.      MLBF is a 501(c)(9) organization with a principal place of business in Burlington, Massachusetts. MLBF maintains Health & Welfare, Pension, Annuity and Legal Services Funds for union laborers in Massachusetts.

2.      NER is a Massachusetts corporation with a principal place of business at 867 Woburn Street, Wilmington, Massachusetts 01887. NER employs union laborers and is a signatory on various collective bargaining agreements ("CBA") with the Massachusetts &

Northern New England Laborers' District Council (the "Union") pursuant to which NER remits contributions to MLBF for hours worked by union laborer employees.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185 and 1451.

4.      This Court has general personal jurisdiction over MLBF because MLBF is headquartered in Burlington, Massachusetts.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because MLBF is subject to personal jurisdiction in and so resides in this district, because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the valid forum selection clause between NER and MLBF.

## FACTUAL BACKGROUND

### Frank LoConte Criminal Case

6.      In October 2022, a grand jury indicted NER's former president, Frank LoConte ("LoConte"), in connection with underreporting to MLBF the hours worked by Union laborers on NER projects to reduce NER's benefit contributions to MLBF.

7.      Following the Government's indictment of LoConte, NER fired LoConte, hired a new president, elected a new board of directors, and filed a civil lawsuit against LoConte to recoup damages caused by LoConte's misconduct.

8.      In September 2023, LoConte pled guilty to defrauding the MLBF.

9.      Prior to LoConte's guilty plea, MLBF insisted that NER begin paying MLBF $583,201.56 in fringe benefit contributions that LoConte had failed to pay.

**MLBF-NER Settlement Agreement and Promissory Note**

10.     NER agreed to begin making payments of $25,000 per month to MLBF.  NER signed a Promissory Note in favor of MLBF in the amount of $1,252,729.19 that included $583,201.56 in fringe benefit contributions, $291,680.34 in interest, $291,680.34 in liquidated damages, and $86,166.95 in fees plus interest accruing at 10% per annum.  *See* Promissory Note, attached hereto as Exhibit A.

11.     The statute of limitations barred MLBF from collecting contributions from NER for 2014 and 2015.  MLBF, however, could recover contributions directly from LoConte for 2014 and 2015 through Court-ordered restitution in the criminal judgment.

12.     The parties acknowledged in the Promissory Note that the amount of fringe benefit contributions due for 2014 and 2015 had yet to be determined and that the Court would determine that amount per its restitution calculation.  *See* Promissory Note, ¶ 5 n.1.

13.     The parties also understood that the Court in LoConte's criminal case would eventually require LoConte to pay restitution to MLBF for unpaid fringe benefit contributions for the years 2014 through 2022.   The parties understood that such payments would be applied first to unpaid fringe benefit contributions for 2014 and 2015 owed to MLBF as calculated by the Court in its *LoConte* restitution order, then credited against the amount NER owed MLBF under the Promissory Note.

14.     The parties' understanding was memorialized in a Settlement Agreement setting forth how MLBF would apply LoConte's restitution payments against NER's promissory note.  *See* Settlement Agreement, attached hereto as Exhibit B.

15.     The parties agreed in paragraph 5 of the Settlement Agreement regarding how restitution payments in LoConte's criminal case would be applied:

*The Parties agree that any restitution payments received from LoConte as a result of the Criminal Action shall first be applied to principal contributions owed for the period 2014 and 2015.[1]  Any amounts received from LoConte over and above the amount owed for 2014 and 2015 shall be applied to the balance owed under this Settlement Agreement and shall offset the total amount owed by NER.*

### LoConte's Restitution Order

16.     In September 2023, LoConte plead guilty to one count of mail fraud and one count of failing to collect and pay payroll taxes.

17.     LoConte's Sentencing Hearing took place on March 5 and 18, 2024. Because there was no agreement as to the loss amounts, the Court heard argument from the Government and defense on MLBF's loss and the amount of restitution that should be ordered.

18.     At the March 5 hearing, the Government argued that the total loss to the Benefit Funds was $1,094,504, with $823,774 of that figure attributable to the MLBF.  LoConte Sentencing Day 1 Tr. 1-10:5-10, 1-11:17-20 (March 5, 2024), attached hereto as Exhibit C.

19.     The Government's calculation of a $823,774 loss to MLBF was based on an "affidavit of Christian Ruehrwein ('Ruehrwein') from the Department of Labor" and "corroborated by documents that [were] attached to his affidavits, which include[d] every single non-payroll check … as well as some other documents." Ex. C, 1-10:11-17; *U.S. v. LoConte*, D. Mass. No. 1:22-cr-10274-01-DJC, Dkt. 77-1, 77-2.  *See also* Ex. C, 1-6:21-23 (describing "an Excel spreadsheet that was provided to [the Defense] by the [G]overnment … [that] goes over the loss to the benefit funds to the laborers and bricklayers[.]").

20.     Documentation attached to Ruehrwein's affidavit identified a $2,907.54 loss to MLBF for 2014 and a $93,750.79 loss to MLBF for 2015. Ruehrwin identified the total loss to MLBF for 2014 and 2015 years as $96,658.33. *See* 2014-2015 Excel Excerpt of Ruehrwein's Calculations (*U.S. v. LoConte*, D. Mass. No. 1:22-cr-10274-01-DJC, Dkt. 77-2), attached hereto as

Exhibit D.

21.     The Government's calculations were also corroborated by the letter submitted by Nathan Goldstein, executive director of Mass. Laborers' Benefits Funds. Goldstein's letter proposed a lower loss figure.  Ex. C, 1-10:18-22.

22.     Because LoConte disagreed with the Government's benefit funds loss amount, the Court took the matter under advisement and continued the sentencing to March 18, 2023.

23.     On March 18, the Court sentenced LoConte to imprisonment followed by a period of supervised release and ordered restitution to MLBF. *See* LoConte Sentencing Day 2 Tr. 2-16:13-21 (March 18, 2024), attached hereto as Exhibit E.

24.     The Court adopted the Government's loss amounts set forth in Ruehrwein's affidavit, noting the loss was "reasonably calculated and supported by a preponderance of the evidence." Ex. E, 2:10:21-2:11:1-2, 2-13:11-16, 2-16:1-4.

25.     Ruehrwein's affidavit attaches Exhibit 1A, a spreadsheet calculating the total amount of restitution owed to the MLBF at $823,774.38. *U.S. v. LoConte*,  D. Mass. No. 1:22-cr-10274-01-DJC, Dkt. 77-2. Ruehrwein's spreadsheet allocates $96,658 in restitution MLBF to 2014 and 2015 and includes payments to laborers by LoConte made in the form of non-payroll checks and cash. *Id.*; *see also* Ex. D.

26.     The Settlement Agreement requires MLBF to apply $96,658 in LoConte restitution payments to MLBF losses for 2014 and 2015.  MLBF is further required to apply the remaining $727,116 in LoConte restitution payments to the balance owed by NER under the Settlement Agreement and Promissory Note.

**MLBF's Misallocation**

27.     On information and belief, MLBF received a restitution payment from LoConte in the amount of $316,723.19.  MLBF has not applied any of that amount to NER's Promissory Note to reduce the principal balance under the Note as required by the Settlement Agreement.

28.     Instead, MLBF takes the erroneous position that it is not bound by restitution amounts calculated by Ruehrwein.  MLBF asserts that the amount owed to MLBF for 2014 and 2015 is approximately $200,000, instead of just the $96,658 in Ruehrwein's calculation that the Court adopted in the criminal case.  MLBF asserts, accordingly, that it will apply LoConte's restitution payments first to the $200,000 total MLBF assets it is due for 2014 and 2015 before crediting those payments against NER's Promissory Note.

## COUNT I
## Breach of Contract

29.     NER incorporates each of the foregoing paragraphs as if fully set forth herein.

30.     The Settlement Agreement was a valid contract between NER and MLBF.

31.     MLBF breached that contract by failing to apply restitution payments made by LoConte to MLBF to the principal contributions owed for the period 2014 and 2015 and amounts due by NER under the Settlement Agreement, in accordance with Paragraph 5 of the Settlement Agreement and the Government's loss calculations.

32.     MLBF's breach caused NER to suffer damages, including but not limited to, loss monetary damages in excess of $200,000.

## COUNT II
## Breach of the Covenant of Good Faith & Fair Dealing

33.     NER incorporates each of the foregoing paragraphs as if fully set forth herein.

34.     The Settlement Agreement was a valid contract between NER and MLBF.

35.     Under Massachusetts law, there is an implied covenant that the parties will act in good faith and fairly with another. Contracting parties are prohibited from behaving in a manner inconsistent with the parties' reasonable expectations.

36.     NER has and continues to fully perform its obligations under the Settlement Agreement.

37.     MLBF breached the covenant of good faith and fair dealing implied by law in the Settlement Agreement by rejecting the Court-endorsed loss calculation for the 2014 and 2015 period and by refusing to accurately attribute restitution payments to principal contributions owed for the 2014 and 2015 period and amounts due by NER under the Settlement Agreement.

38.     As a direct and proximate result of MLBF's breach, NER has suffered and will continue to suffer damages.

**COUNT III**
**Declaratory Judgment**

39.     NER incorporates each of the foregoing paragraphs as if fully set forth herein.

40.     An actual controversy exists between NER and MLBF regarding whether MLBF is in breach of the Settlement Agreement.

41.     MLBF is in breach of the Settlement Agreement.

42.     NER is entitled to a declaratory judgment that MLBF is bound by the restitution judgment entered in LoConte's criminal case and the Court's finding that the amount of restitution attributable to the 2014 and 2015 years is $96,658.

**Count IV**
**Equitable Accounting**

43.     NER incorporates each of the foregoing paragraphs as if fully set forth herein.

44.    MLBF owes fiduciary duties to NER with respect to application of payments to the Promissory Note and the Settlement Agreement.

45.    Equity requires that MLBF fully account to NER with respect to payments applied under the Promissory Note.

## PRAYER FOR RELIEF

**WHEREFORE**, NER respectfully requests that the Court hereby enter judgment against MLBF and provide relief as follows:

A.  Actual, compensatory, and consequential damages for MLBF's breaches of the Settlement Agreement and of the implied covenant of good faith and fair dealing, in amounts to be determined by the Court.

B.  Entry of a declaratory judgment that MLBF has breached the Settlement Agreement and that MLBF must credit only the first $96,658 in LoConte restitution payments to 2014 and 2015, then credit any remaining LoConte restitution payments against the principal balance NER owes under the Promissory Note.

C.  Entry of an order requiring MLBF to render a full accounting of all LoConte restitution payments received and all application of payments to the Promissory Note and Settlement Agreement.

D.  An award against MLBF of NER's reasonable costs and fees; and

E.  Such other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), NER demands a trial by jury on all issues triable by a jury.

Respectfully submitted,

NER CONSTRUCTION
MANAGEMENT CORPORATION

By its attorneys,

/s/ *William J. Lovett*
William J. Lovett (BBO #643525)
Ben Ashenburg (BBO #710713)
LOVETT O'BRIEN LLP
125 High Street
Suite 2611
Boston, MA 02110
(617) 366-1631
wlovett@lovettobrien.com
bashenburg@lovettobrien.com

Dated:  August 9, 2024

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on August 9, 2024

/s/ *William J. Lovett*
William J. Lovett