# Exhibit A

## **PROMISSORY NOTE**

FOR VALUE RECEIVED, NER Construction Management Corporation ("NER"), a Massachusetts corporation with an address of 867 Woburn Street, Wilmington, Massachusetts, 01887 and the Richard J. Sylvester Revocable Trust ("Trust") (collectively the "Makers"), hereby promise to pay to the order of Massachusetts Laborers' Benefit Funds, Attn: Auditing Director, 1400 District Avenue, Suite 200, Burlington, Massachusetts 01803 (collectively, the "Holder"), the principal sum of one million two hundred and fifty two thousand seven hundred and twenty nine dollars and nineteen cents ($1,252,729.19).

The Makers shall make principal payments of a minimum of $25,000 each month until the entire unpaid principal balance is paid in full. Payments shall be made by the thirtieth (30th) day of each month. Interest shall accrue on the unpaid balance at a rate of ten percent (10%) per annum. All payments received hereunder shall be applied to the principal with a final payment of all interest accrued during the term of repayment. The minimum monthly payments may be increased by agreement of the parties based on a review of NER's financial condition.

This Note may be prepaid in whole or in part without premium or penalty. Any prepayments received on this Note shall be applied to the principal.

All sums due hereunder shall be payable to the Holder c/o Massachusetts Laborers' Benefit Funds, Attn: Auditing Director, P.O. Box 1501, 1400 District Avenue, Suite 200, Burlington, Massachusetts 01803, in lawful money of the United States of America. The Makers shall also mail or email a copy of each payment to Holder's counsel at the following address: Sasha N. Gillin, Segal Roitman LLP, 33 Harrison Avenue, Seventh Floor, Boston, MA 02111, sgillin@segalroitman.com.

If the Makers fail to make the scheduled payments on time or become delinquent in payment of current contributions due to the Funds ("Event of Default"), the whole sum then remaining unpaid hereunder shall become immediately due and payable at the option of the Holder. Prior to any Event of Default, Maker shall be entitled to written notice of Default and an opportunity a ten (10) day notice to cure said default. No Event of Default shall be cured except by payment in full of the whole sum due. Upon the occurrence of an Event of Default, interest on all unpaid principal due hereunder shall accrue at the rate of ten percent (10%) per annum ("Default Interest"). Upon the occurrence of an Event of Default, the Holder may collect the entire amount owed, with interest, liquidated damages, and attorney's fees and costs, from the assets listed in Schedule A attached hereto and incorporated by reference herein.

The Makers waive presentment for payment, protest and demand, and notice of protest, demand and/or dishonor and nonpayment of this Note, under this Note and all other notices or demands otherwise required by law that the Makers may lawfully waive. The Makers waive trial by jury in any action brought on or with respect to this Note. The Makers expressly agree that this Note, or any payment hereunder, may be extended from time to time, without in any way affecting the liability of the Makers.

Holder will be entitled to its reasonable attorney's fees and costs in the event Holder brings suit to enforce this Note or for the protection or enforcement of any of Holder's rights. This Note is secured by the assets listed in Schedule A and the personal guarantee of Trust.

No delay or omission on the part of Holder hereof in exercising any right hereunder shall operate as a waiver of such right or of any other right of such Holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion.

The rights and obligations of Makers and all provisions hereof shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts applicable to contracts made and performed in said state, except to the extent that such laws are superseded by Federal enactments.

For the MAKER:

**NER Construction Management Corporation**

_____
By Harry Wieman, President

Commonwealth of Massachusetts

_____, ss:                                    May 19, 2023

Then personally appeared before me, Harry Wieman, proved to me through satisfactory evidence of identification, who being duly sworn, acknowledged to me that he is President of NER Construction Management Corporation and authorized to execute the foregoing instrument on behalf of NER Construction Management Corporation, and that he executed the foregoing instrument as his free act and deed this 19th day of May, 2023, before me,

_____
Notary Public

My Commission Expires: 7/20/2023

For the MAKER:

**The Richard J. Sylvester Revocable Trust,**

_____
By Janice Sylvester, Trustee

Commonwealth of Massachusetts
_____, ss:                                                                                         _____, 2023

Then personally appeared before me, _____ and proved to me through satisfactory evidence of identification, being duly sworn, is authorized to execute the foregoing instrument on behalf of the Trust, and that s/he executed the foregoing instrument as their free act and deed this _____ day of _____, 2023, before me,

_____
Notary Public

My Commission Expires: _____

For the MAKER:

**The Richard J. Sylvester Revocable Trust,**

_____
By John Bosen, Trustee

Commonwealth of Massachusetts
_____, ss:                                                                                         _____, 2023

Then personally appeared before me, _____ and proved to me through satisfactory evidence of identification, being duly sworn, is authorized to execute the foregoing instrument on behalf of the Trust, and that s/he executed the foregoing instrument as their free act and deed this _____ day of _____, 2023, before me,

_____
Notary Public

My Commission Expires: _____

## SCHEDULE A

1. All assets[1], including all vehicles and equipment, of NER Construction Management Corporation, its affiliates and related entities;
2. All assets of the Richard J. Sylvester Revocable Trust;
3. All accounts receivable of NER Construction Management Corporation, its affiliates and related entities;
4. Any recovery received from the litigation NER Construction Management Corporation v. Frank Loconte and Maselan & Jones, P.C. or any mediation or settlement therein; [2]
5. Tax credits received as a result of the Employee Retention Tax Credit;[3]
6. Additional property TBD

---

[1] To the extent any of the property is subject to an existing priority lien, the Funds shall have a secondary lien on the property. The Funds shall have a first lien on any unencumbered portion of the property.

[2] The Funds shall enjoy a priority position and have a first lien on any recovery received from this litigation, or any mediated or out of court settlement thereof. No distribution shall be made of any recovery funds to any other creditor unless and until the Funds' claim is satisfied in full.

[3] The Funds shall enjoy a priority position and have a first lien on any funds or credits received as a result of the ERTC. No distribution shall be made of any funds or tax credits to any other creditor unless and until the Funds' claim is satisfied in full.